## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUTHER WARE,       )
            )
    Petitioner,    )
            )  Civil Action No. 3:19-cv-115
  vs.         ) Judge Stephanie L. Haines
            ) Magistrate Judge Keith A. Pesto
BARRY SMITH and ATTORNEY  )
GENERAL OF PENNSYLVANIA   )
            )
    Respondents.   )

## **MEMORANDUM ORDER**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) filed by Luther Ware ("Petitioner"). This matter has been referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

Following Magistrate Judge Pesto's denial of the motion to dismiss (ECF No. 21) filed by Respondents Barry Smith and the Attorney General of Pennsylvania ("Respondents"), Respondents filed a response to the petition for writ of habeas corpus on January 22, 2021 (ECF No. 27). On February 10, 2021, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 29) finding that the petition for writ of habeas corpus should be denied, but that the Court should issue a certificate of appealability to determine whether the quashing of an appeal for violation of Pennsylvania Rule of Appellate Procedure 341 ("Pa. R.A.P. 341") constitutes dismissal pursuant to an adequate and independent state rule that would bar habeas review due to procedural default. The Report and Recommendation (ECF No. 29) advised Petitioner that he had fourteen days to file written objections. On February 22, 2021, Petitioner filed a motion to extend

time to file written objections (ECF No. 30), which Magistrate Judge Pesto granted on March 4, 2021 (ECF No. 33), providing that Petitioner was to file objections to the Report and Recommendation by April 1, 2021. Petitioner filed objections to the Report and Recommendation on March 5, 2021 (ECF No. 34).

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Local Civil Rule 72.D.2 provides further that the district judge may accept, reject or modify in whole or in part, the findings and recommendations made by the magistrate judge.

Upon *de novo* review of the record and the Report and Recommendation (ECF No. 27), and pursuant to Local Civil Rule 72.D.2, the Court will adopt Magistrate Judge Pesto's Report and Recommendation as amended herein. Magistrate Judge Pesto correctly concluded that the petition should be denied on procedural grounds. Petitioner's objections are unavailing as Petitioner does not show that a valid basis on which his default should be excused. Though Petitioner indicates that he was not aware of the rule set forth in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) when he filed a single notice of appeal rather than two separate notices of appeal, he does not explain his failure to comply with *Walker* and Pa. R.A.P. 341 after the Pennsylvania Superior Court issued a rule to show cause why Petitioner's appeal should not be quashed based on *Walker* before it ruled that the appeal should be quashed. Petitioner also does not explain his failure to seek further review in the state courts. Petitioner has also failed to present evidence supporting his alleged actual innocence to demonstrate that failure to review his claim will result in a fundamental miscarriage of justice. *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (internal

citation omitted).   A certificate of appealability is denied as Petitioner has failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find it debatable whether this Court's procedural ruling dismissing this case for lack of jurisdiction is correct.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *see* 28 U.S.C. §2253(c)(2); Fed. R. App. P. 22(b).  The denial of the certificate of appealability does not prevent Petitioner from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Court of Appeals.  *See* Fed. R. App. P. 22(b)(1), (2).

### ORDER

AND NOW, this 12th day of August, 2021, it is ORDERED that Petitioner's objections (ECF No. 34) to the Magistrate Judge's Report and Recommendation (ECF No. 29) hereby are OVERRULED; and,

IT FURTHER IS ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 29), which is adopted as the opinion of the Court as amended herein, that Petitioner Luther Ware's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) hereby is DENIED; and,

IT FURTHER IS ORDERED that a certificate of appealability likewise is DENIED as Petitioner has failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find it debatable whether this Court's procedural ruling dismissing this case for lack of jurisdiction is correct.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

Stephanie L. Haines
United States District Judge